Hale, J.
The plaintiffs in error are trustees of the Order of Friendship and Good Will, a corporation organized not for profit. The action below was brought against them as trustees to enforce the payment of an indebtedness against the corporation contracted by them.
*25 The petition alleges that A. C. Rogers & Co. recovered a judgment against the corporation; that execution was issued upon that judgment, and returned “no goods orchattels or other property found whereon to levy”; that the obligation upon which said judgment was raised, was a promissory note of the Order of Friendship and Good Will, and that said promissory note was given upon a balance due on account for goods sold and delivered, and labor and service performed by plaintiffs for the said corporation, and upon the order and contract of said defendants as aforesaid. In other words, the action is sought to be maintained by plaintiff against the defendants, the trustees of the corporation, on the ground that the corporation was insolvent, and that the trustees were responsible for the indebtedness of the corporation.
The first ground of defense is based upon the allegation that the judgment which was taken against the corporation was utterly void; and .that it was error to receive the record of it in evidence. This judgment was taken upon a promissory note with a cognovit attached, payable to A. C. Rogers & Co. The action was brought by A. C. Rogers and another, partners as A.C. Rogers &Co., and a judgment taken for plaintiffs. The claim is that this was not authorized by the power of attorney under which confession of judgment was had, and was such a variance as to make the judgment absolutely void. We cannot assent to that proposition. We think the judgment, in the absence of any proceedings in error, is clearly valid, and must be so regarded until reversed. Whether it could have been reversed or not, we do not say.
Second, it is claimed that this same cause of action against the same defendants in behalf of the same plaintiff, has been once tried, and judgment rendered in favor of the defendants. It is claimed that this is a bar to the present action. The facts relied on to support this claim are these : An action was commenced against these defendants by A. C. Rogers & Co., before Levi Bander, a Justice of the Peace, and judgment ren *26 dered in favor of defendants. The justice was called as a witness, and testified that that judgment was rendered upon the issue whether the corporation was in fact insolvent. At that time no judgment had been taken against the corporation, and the liability of the trustees being collateral and secondary, and the company not having been proceeded against, the action could not be enforced against the individual trustees. The justice testified that upon that ground alone he decided the case. It is claimed that that testimony was incompetent ; that the record should speak for itself.
Several issues were made in that case as to whether the defendants were trustees of the corporation ; whether the debt was contracted by them within the meaning of our statute, and whether the corporation was insolvent so that an action could be maintained against the individuals. These issues were all involved in that case. Bauder testifies that he decided it upon the technical ground that the action could not then be maintained, because it did not appear that the corporation was insolvent. That is the legal effect of what he said. We think where there are several issues invols’ed in a case, it is competent to show by parol testimony that the case was decided upon some technicality or some one issue, aud the others not passed upon. Wharton, in his Law of Evidence, section 688, after discussing the question, says : “ The same rule applies when the object is to prove that a former judgment was rendered, not on the merits, but on technical grounds. Evidence is also admissible to show the distinctive issue on which a case was tried when the evidence is silent in this respect.”
After this case was heard and.disposed of by Justice Bauder, the plaintiffs took judgment against the corporation, and failed to obtain satisfaction of such judgment. The testimony of Bauder, as appears from this record, is competent, and the judgment in connection with that testimony shows that the issue here is different from the one that was there decided.
Again, it is said that the claim here is not one for which the trustees are liable. Section 3261, Revised Statutes, pro *27 vides as follows: “ Trustees of a corporation created for a purpose other than profit, shall be personally liable for all debts of the corporation by them contracted.”
George A. Groot and O. W. JBroadwell, for plaintiff in error.
M. B. ¿c H. H. Johnson, for defendants in error.
It is said the proof in this case fails to show that this indebtedness was contracted by the trustees of the corporation. We suppose this section was passed in pursuance 'of the provision of the constitution, which provides that dues of corporations shall be secured by such liability of stockholders and other means as may be provided by law. We are clearly satisfied that the charge of the court in this behalf was quite as favorable as should have been in behalf of plaintiffs in error ; and that the verdict of the jury in finding that the trustees were responsible for this indebtedness is fully sustained by the facts. The indebtedness was incurred in behalf of the corporation, and for its benefit. After it was created, the trustees authorized the giving of the note of the corporation for this indebtedness. A. C. Rogers & Co. refused to-take the note of the corporation, but took the note of the individuals which, on renewal later, was changed into the note of the corporation
We see no substantial error in this record. The judgment of the court below is affirmed.